[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.R.Op.3(A).
Defendant-appellant Hakim El-Judah appeals the judgment of the trial court convicting him of attempted possession of marijuana in violation of R.C. 2925.11(A), a first-degree misdemeanor. He was convicted of this offense following the entry of a guilty plea. For the following reasons, we affirm the judgment of the trial court.
After thoroughly reviewing the record and the applicable law, El-Judah's appointed appellate counsel, pursuant to Anders v.California,[1] states in her brief that she has found no errors in the proceedings below and has filed a motion to withdraw as counsel.
Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of El-Judah's conviction and sentence. Both El-Judah's counsel and the state point out that despite the fact that the judgment entry inadvertently replaced the trial court's three-year sentence of probation with a three-year sentence of community control, this clerical error did not substantially prejudice El-Judah. We agree. There was no condition placed on El-Judah that he serve a term in the county jail, a condition possible under a sanction of community control,[2] but not under a sentence of probation for a misdemeanor.[3] Accordingly, the effect of El-Judah's sentence of three years of community control here is the same as the effect of a three-year sentence of probation.
Upon our review of the entire record, noting that the plea and sentencing transcripts reveal that El-Judah understood the import and consequences of his plea of guilty as required by Crim.R. 11(B) and Crim.R. 11(C)(2), we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we have concluded that this appeal is frivolous pursuant to App.R. 23 and is without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against El-Judah because it is clear from the record that he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] (1976), 386 U.S. 738, 87 S.Ct. 1396.
[2] See R.C. 2929.16(A)(1).
[3] See R.C. 2929.21(A).